WAL-MART STORES, INC. *v.* Judy LEACH

CA 00-1457                                        48 S.W.3d 540

Court of Appeals of Arkansas
Division IV
Opinion delivered June 20, 2001

*Bassett Law Firm,* by: *Tod Bassett,* for appellant.

*Conrad T. Odom,* for appellee/cross-appellant.

JOHN F. STROUD, JR., Chief Judge. This is a workers' compensation case. Appellee, Judy Leach, suffered a back injury in 1993 for which she underwent surgery. She had worked for appellant, Wal-Mart Stores, Inc., for almost twenty years at that time, but she did not claim that the injury was work-related and therefore she did not claim workers' compensation benefits. She left

her employment with appellant for approximately three years following the back surgery; however, she returned to work for appellant in 1996, working at different jobs and eventually returning to warehouse work.

On May 29, 1998, she visited her doctors with symptoms related to her back. She continued to submit her medical bills under her group health coverage. She did not make a workers' compensation claim at that time. Her last visit to Dr. Tony Raben associated with those particular symptoms was July 11, 1998.

On March 29, 1999, she returned to Dr. Raben with similar complaints, and he took her off work until June 14, 1999. She reported that her work required bending, twisting, and lifting. An April 1, 1999, MRI scan revealed a reherniation at level L5-S1 as well as a disc herniation at the L4-5 level on the right. On April 5, 1999, appellee reported to her employer that she had suffered a low-back work injury based on a gradual-onset theory. Appellant contested the claim. The ALJ found that appellee sustained a gradual-onset type aggravation to a pre-existing condition, which exacerbated her previous low back problems; that the repetitive lifting, bending, twisting, pushing, pulling, and standing of her job caused appellee's pre-existing back condition to become symptomatic, requiring medical treatment; that her medical-treatment program resolved her symptoms to the point of her previous status as of June 14, 1999; and that appellant should pay for medical treatment and temporary total disability from March 29, 1999, to June 14, 1999. The Commission affirmed and adopted the ALJ's decision. Both parties have appealed from the decision. We affirm on the direct appeal and on the cross-appeal.

For its sole point of appeal, appellant contends that the Commission's grant of benefits was not supported by substantial evidence. We disagree.

■ ■ On appeal, this court views the evidence in the light most favorable to the Commission's decision and affirms when that decision is supported by substantial evidence. *Frances v. Gaylord Container Corp.*, 341 Ark. 527, 20 S.W.3d 280 (2000). Substantial evidence exists if reasonable minds could reach the same conclusion. *Id.* Moreover, we will not reverse the Commission's decision

unless fair-minded persons could not have reached the same conclusion when considering the same facts. *Id.* We defer to the Commission in determining the weight of the evidence and the credibility of the witnesses. *Freeman v. Con-Agra Frozen Foods,* 344 Ark. 296, 40 S.W.3d 760 (2001).

When a claimant requests benefits for an injury characterized by gradual onset, Arkansas Code Annotated section 11-9-102(4)(A)(ii) (Supp. 1999) controls, defining "compensable injury" as follows:

> (4)(A)(ii) An injury causing internal or external physical harm to the body and arising out of and in the course of employment if it is not caused by a specific incident or is not identifiable by time and place of occurrence, if the injury is:
>
> . . . .
>
> (b) A back injury which is not caused by a specific incident or which is not identifiable by time and place of occurrence[.]

A claimant seeking benefits for a gradual-onset injury must prove by a preponderance of the evidence that: (1) the injury arose out of and in the course of his or her employment; (2) the injury caused internal or external physical harm to the body that required medical services or resulted in disability or death; and (3) the injury was a major cause of the disability or need for treatment. *Freeman, supra.* Furthermore, objective medical evidence is necessary to establish the existence and extent of an injury, but it is not essential to establish the causal relationship between the injury and the job. *Wal-Mart Stores, Inc. v. VanWagner,* 337 Ark. 443, 990 S.W.2d 522 (1999).

In support of its contention that the Commission's grant of benefits was not supported by substantial evidence, appellant raises the following sub-points: 1) that appellee failed to establish a causal connection between her low-back injury and her work activities, arguing that "while it is undisputed that appellee suffered from a herniated disc revealed in an April 1999 MRI, no *credible* evidence has been presented connecting this disc injury with appellee's work for appellant"; and 2) that appellee "failed to provide objective findings establishing that the *major cause* of her need for additional treatment was a March 1999 aggravation, as opposed to continued symptoms stemming from her 1993 treatment," and in particular

that the language employed by Dr. Raben in his clinic note of May 5, 1999, was too speculative to demonstrate the necessary objective medical findings to establish major cause. We do not agree.

█ █ Matters of credibility are for the Commission to determine. *Wal-Mart Stores, Inc. v. Van Wagner, supra.* Moreover, we conclude that there was substantial evidence presented to connect appellee's disc injury to her job. Appellant described her job of watch scanner as a much more physical job than others that she had performed. She stated that the boxes on the conveyer were very large boxes; that she had to scoot the boxes to the back of the conveyor belt and flip them over to cut off the tops; that she would then take a watch from a box, scan it, and place the watch in another box that sat immediately to her right; that she then had to pick up the box and move it to another conveyor; and that her biggest complaint with these jobs was the twisting.

Furthermore, although appellee had continued to experience problems from her 1993 injury, the April 1999 MRI showed a herniated disc, and there was no indication that she had the herniated disc before returning to work with appellant. Clearly, the herniated disc was the injury causing the need for treatment, and its existence was established by the MRI of April 1, 1999, which was objective medical evidence.

█ Finally, the language employed by Dr. Raben that is challenged by appellant provides in pertinent part:

> I think within a reasonable degree of medical certainty that she will be able to get back to a light and/or sedentary position. I am not sure that she will be able to do repetitive bend/lift/twist. *In fact, this type of work could very well within a reasonable degree of medical certainty have been the cause of this extruded disc herniation that gave her right lower extremity pain.*

(Emphasis added.) However, in making its argument that this language was too speculative, appellant relies in part upon our opinion in *Freeman v. Con-Agra Frozen Foods*, 70 Ark. App. 306, 27 S.W.3d 732 (2000), which was subsequently reversed by our supreme court in *Freeman v. Con-Agra Frozen Foods*, 344 Ark. 296, 40 S.W.3d 760 (2001). The more recent supreme court opinion in *Freeman* does not support appellant's position. Furthermore, we need not decide whether Dr. Raben's use of the phrase, *"could very well within a reasonable degree of medical certainty* have been the cause of this extruded disc herniation . . . ,"* is speculative under *Crudup v. Regal*

*Ware, Inc.*, 341 Ark. 804, 20 S.W.3d 900 (2000), or whether it satisfies the requirements established by *Freeman v. Con-Agra Frozen Foods*, 344 Ark. 296, 40 S.W.3d 760 (2001), because the opinion of the ALJ that was adopted by the Commission does not indicate that Dr. Raben's surmise was critical to its determination of causation, and because there were sufficient other matters enumerated to support the Commission's decision.

In short, reasonable minds could reach the same conclusion as the Commission. We therefore conclude that its decision was supported by substantial evidence.

For her sole point on cross-appeal, appellee contends that there is not substantial evidence to support the decision of the Commission that the aggravation was only temporary in nature. We disagree.

Appellee testified that she last saw Dr. Raben on July 1, 1999, and that she did not have a return appointment; that her lower back is much better; that she still has some pain, but "nothing like before." She has been off work since July 1, 1999, but that is because of her shoulder, not her low-back injury. We conclude that reasonable minds could reach the same conclusion as that reached by the Commission that appellee's aggravation was only temporary in nature.

Affirmed on direct appeal and on cross-appeal.

PITTMAN and JENNINGS, JJ., agree.