OWENS PLANTING COMPANY and AIG Claim Services
*v.* Arvel B. GRAHAM

CA 07-793                                        284 S.W.3d 537

Court of Appeals of Arkansas
Opinion delivered May 21, 2008

*Bridges, Young, Matthews & Drake PLC,* by: *R. Scott Morgan,* for appellants.

*Dover Dixon Horne PLLC,* by: Nona M. Robinson, for appellant.

Sam Bird, Judge. Owens Planting Company and its insurer, AIG Claim Services, Inc., appeal from a decision of the Workers' Compensation Commission awarding claimant Arvel Graham additional temporary total disability benefits and medical benefits. Appellants contend that neither the Commission's determination that Graham is entitled to additional medical treatment nor its determination that Graham is entitled to additional temporary total disability benefits is supported by substantial evidence. We affirm the Commission's decision.

On April 26, 2001, while working for Owens Planting Company, Graham was injured when the bucket of the front-end loader he was driving unexpectedly dropped, stopping the front-

end loader and causing Graham's face to hit the steering wheel and dashboard. As a result of the accident, Graham suffered injuries to his head, arm, shoulder, back, and neck. The parties stipulated that Graham sustained a compensable injury, and appellants paid various medical expenses for treatment of Graham's chest, back, arm, and neck and total temporary disability benefits from the date of the injury.

Several months after the accident, Graham reported headaches, dizziness, and vision and hearing problems, and he continued to experience facial pain, headaches, vertigo, and ringing in his ears through 2002. Neither Dr. Riley Jones, an orthopedic surgeon, nor Dr. Alan Nadel, a neurosurgeon — physicians authorized by appellant AIG — found anything objectively wrong with Graham and, on May 14, 2002, both released him at maximum medical improvement with no impairment from either an orthopedic or neurological standpoint. Dr. Charles Bosch, an ear, nose, and throat specialist, began treating Graham in September 2001 but was unable to cure the vertigo, head and facial pain, or dizziness. He suggested that Graham contact his family physician, Dr. Scott Hall, as the scope of Dr. Bosch's practice did not include the continued prescription of pain medication. After a hearing in 2003, an administrative law judge awarded Graham additional benefits for Dr. Bosch's treatment and additional temporary total disability for an indefinite time. Appellants discontinued payment of the temporary total disability benefits on January 27, 2004.

Dr. Hall referred Graham to Dr. James Fowler, an ear, nose, and throat specialist, in December 2004. After a physical examination and review of a CT scan, Dr. Fowler stated that Graham's nose revealed severe left nasal septal deformity and that the scan revealed a deviated nasal septum, turbinate hypertrophy, chronic maxillary sinusitis, intraorbital emphysema bilaterally (abnormal passageway of air into the eye socket), and bilateral chronic ethmoid sinusitis. Dr. Fowler performed surgery in February 2005 and in July 2005. He opined that the intraorbital emphysema, first noted in September 2001, would only occur from disruption of bone in an air-containing space — that is, from trauma. In reviewing Dr. Fowler's testimony, the Commission noted that the record did not show any cause for the deviated septum other than the April 2001 compensable injury. Dr. Fowler also reported that Graham had hearing loss in both ears, which would certainly be due to trauma associated with a severe blast of noise or pressure. He recommended additional diagnostic testing at UAMS by Dr.

John Dornhoffer, a neuro-otologist. Dr. Fowler also stated on March 3, 2006, that Graham had not reached maximum medical improvement and was totally unable to perform work of any kind for wages.

The ALJ found Dr. Fowler to be a credible witness and found the treatment provided by him and his authorized referrals was reasonable and necessary in relation to the compensable injury. The ALJ also found that Graham was entitled to temporary total disability benefits from January 28, 2004, to a date yet to be determined. The Commission affirmed the ALJ's findings. Appellants bring this appeal challenging the sufficiency of the evidence to support the Commission's award of benefits.

Where the sufficiency of the evidence is challenged on appeal, we review the evidence in the light most favorable to the findings of the Commission and will affirm if those findings are supported by substantial evidence. *Wal-Mart Stores, Inc. v. Brown*, 82 Ark. App. 600, 120 S.W.3d 153 (2003). Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* We recognize that it is the Commission's function to determine the credibility of the witnesses and the weight to be given their testimony, *Powers v. City of Fayetteville*, 97 Ark. App. 251, 248 S.W.3d 516 (2007), and that when the medical evidence is conflicting, the resolution of that conflict is a question for the Commission. *Cedar Chem. Co. v. Knight*, 99 Ark. App. 162, 258 S.W.3d 394 (2007).

Appellants' first point on appeal is that the Commission erred in finding Graham proved entitlement to additional medical treatment by Dr. Fowler. They argue that, when Graham was first treated at the emergency room after the accident, he mainly complained of injuries to his arm, back, and neck, not to his nose, face, or head. They point out that his orthopedic treating physician, Dr. Jones, found maximum medical improvement with no impairment. They also argue that Dr. Nadel, a neurosurgeon, found nothing objectively wrong with Graham and released him at maximum medical improvement from a neurological standpoint with no impairment. Appellants note that Dr. Bosch, an ear, nose, and throat specialist who saw Graham because of his complaints of headaches and dizziness, released him, indicating that there was nothing he could do for him. Finally, appellants argue that Graham did not begin seeing Dr. Fowler until more than three years after the accident and that Graham had already been released from care regarding all of his injuries. Appellants contend that Dr. Fowler's

treatment was not reasonable and necessary in connection with the injuries he received in the accident.

Arkansas Code Annotated section 11-9-508 requires employers to provide medical services that are reasonably necessary "in connection with the injury received by the employee." Ark. Code Ann. § 11-9-508(a) (Supp. 2007). The employee has the burden of proving by a preponderance of the evidence that medical treatment is reasonable and necessary. *Wal-Mart Stores, Inc. v. Brown, supra.* What constitutes reasonably necessary treatment under the statute is a question of fact for the Commission. *Hamilton v. Gregory Trucking*, 90 Ark. App. 248, 250-51, 205 S.W.3d 181, 183 (2005).

■ The record shows that Graham's face slammed into the steering column during the accident. Evidence before the Commission indicated that Graham had complained of pain around his nose and face within six months of the accident. The Commission noted that a CT scan performed in September 2001 of Graham's facial bones showed "evidence for intraorbital emphysema" which "could be related to previous trauma."

Dr. Bosch reported that Graham complained of hearing loss, dizziness, and vertigo within several months of the accident. Dr. Bosch's initial examination in September 2001 indicated Graham had a "septal deviation to the left . . . and tenderness in the right nasal vestibule area and paranasal region corresponding with right intraorbital nerve injury." Indeed, in November 2002, when Dr. Bosch was unable to treat these ailments successfully, he reported that his "medical opinion" was that it was "imperative that Mr. Graham be further evaluated for his complaints of his head and facial pain and more importantly, his complaints of dizziness." The Commission noted that the ALJ had determined in an opinion dated August 15, 2003, that Graham proved he was entitled to treatment with Dr. Bosch "for his cranial injury (dizziness, pain, etc.)" and that Graham was entitled to temporary disability for "his facial injury," and that appellants had not appealed these findings.

Dr. Fowler performed surgery in February 2005 to treat a septal deformity and other associated abnormal findings. He performed additional nasal-related surgery in July 2005. In October 2005, Dr. Fowler explained that "intraorbital emphysema," first noted in September 2001, "could only occur from disruption of bone in air containing space," that is, trauma. The Commission found Dr. Fowler's opinion that Graham's facial injuries were

caused by the accident credible and that the treatment he provided was reasonably necessary in connection with Graham's compensable injury. We hold that substantial evidence supports the Commission's findings.

In their second point on appeal, appellants challenge the Commission's award of additional temporary total disability benefits. First, they argue that substantial evidence does not support this finding because Graham was released from care by three separate physicians. Second, they contend that the parties stipulated at the hearing for any temporary total disability benefits to end in July 2005.

██ Temporary total disability is that period within the healing period in which the employee suffers a total incapacity to earn wages. *K II Constr. Co. v. Crabtree*, 78 Ark. App. 222, 79 S.W.3d 414 (2002). Whether or not an employee's healing period has ended is a question of fact for the Commission. *Id.* In this case, the Commission found that Dr. Fowler began treating Graham in December 2004 and found credible Dr. Fowler's opinion in October 2005 that Graham was unable to perform work of any kind. The Commission noted that, while Dr. Fowler testified in April 2006 that Graham had reached a plateau with regard to the treatment provided by Dr. Fowler, Dr. Fowler opined that Graham needed to complete diagnostic testing at UAMS before a final determination regarding maximum medical improvement could be made. The Commission affirmed the ALJ's finding that Graham remained in his healing period and was entitled to temporary total disability from January 28, 2004, to a date yet to be determined. We hold that this finding is supported by substantial evidence.

██ Additionally, we find no evidence in the record to support appellants' contention that the parties stipulated to end temporary total disability in July 2005. The "stipulations" in the prehearing order filed by the ALJ on July 21, 2005, indicate that temporary total disability benefits had been paid through January 27, 2004. There is nothing in these stipulations, however, limiting these benefits. In the "contentions" section of the order, but notably not in the stipulations section, the ALJ states that Graham requests additional temporary total disability benefits, and there are blanks for the period of time requested that have been filled in with handwritten insertions stating as follows: from "1-28-04 [to] July 2005 (see Dr. Fowler's depo)." No mention was made of this handwritten insertion at the hearing before the ALJ held on March

14, 2006. In fact, in response to the ALJ's question, "What dates of temporary total are you requesting?" Graham's attorneys responded from "1/28/04, through a date yet to be determined." Appellants neither objected to nor clarified this response. Moreover, the ALJ's opinion states that Graham requested additional temporary total disability benefits from January 28, 2004, to a date yet to be determined.

For the foregoing reasons, we affirm the decision of the Commission.

Affirmed.

PITTMAN, C.J., and VAUGHT, J., agree.