2010 Ark. App. 600

**Homer MOONEY, Appellant**

v.

**AT & T and American Home Assurance Company, Appellees.**

**No. CA 10-51.**

Court of Appeals of Arkansas.

Sept. 15, 2010.

---

Sheila Pruitt Campbell, Little Rock, for appellant.

David Lawrence Pake, David Chambers Jones, Little Rock, for appellee.

RAYMOND R. ABRAMSON, Judge.

Homer Mooney claimed that he sustained either a specific-incident or gradual-onset injury to his back during his employment with AT & T. He sought workers' compensation benefits for his alleged injury. The Administrative Law Judge denied compensability. The Workers' Compensation Commission affirmed and adopted the ALJ's opinion. Mooney now appeals.

## I.

Mooney has a long history of back problems. He first injured his back when he was in the Army in 1973. In 1987, he received a 10% disability rating for this injury. He continued to have back problems over the years. By 2000, his disability rating had increased to 60%. From the time he was injured, Mooney frequently sought treatment for his back problems, including just before he began working at AT & T in the summer of 2001.

Mooney began working at AT & T as a supply attendant in August 2001. He would load various items and boxes onto a truck and deliver them to locations around the state. There was some initial confusion amongst the parties about when Mooney's alleged injury occurred. It appears from the record that the parties ultimately settled on November 27 or 28, 2005 as the injury date. It was around this time that Mooney called his supervisor, Russell Hannahs, claiming that he had injured his back. Mooney was off work and receiving short-term disability benefits from December 4, 2005 until February 25, 2006. He then returned to work, with restrictions, until September 24, 2006. At that point, AT & T let him go because it was no longer able to provide restricted work. Mooney then again went on short-term disability until June 2, 2007. He filed this workers' compensation claim in March 2007.

## II.

In deciding whether substantial evidence supports the Commission's decision, this Court views the evidence (and the inferences deducible therefrom) in the light most favorable to the Commission's findings. *Walker v. Cooper Automotive,* 104 Ark.App. 175, 176, 289 S.W.3d 184, 186 (2008). We affirm if reasonable minds could reach the Commission's conclusion, always remembering that weighing the evidence and making credibility determinations are within the Commission's province, not ours. *Walker,* 104 Ark.App. at 176–77, 289 S.W.3d at 186. When the Commission, as it did here, affirms and adopts the ALJ's opinion, we consider both the ALJ's decision and the Commission's majority opinion. *Fayetteville School Dist. v. Kunzelman,* 93 Ark.App. 160, 162, 217 S.W.3d 149, 151 (2005).

To prove that he suffered a compensable specific-incident injury, Mooney had to show "(1) That the injury arose out of and occurred in the course of the employment; (2) That the injury was caused by a specific incident; (3) That the injury is identifiable by time and place of occurrence; (4) That the injury caused internal or external physical harm to [his] body; [and] (5) That the injury required medical services or resulted in disability." *Hargis Transport v. Chesser,* 87 Ark.App. 301, 310, 190 S.W.3d 309, 316 (2004) (citing Ark.Code Ann. § 11–9–102(4)(A)(i)). In addition, Mooney had to establish his injury with "medical evidence supported by objective findings." Ark.Code Ann. § 11–9–102(4)(D) (Supp.2009). "[O]bjective medical evidence is necessary to establish the existence and extent of an injury, but it is not essential to establish the causal relationship between the injury and the job." *Wal–Mart Stores, Inc. v. Leach,* 74

Ark.App. 231, 234, 48 S.W.3d 540, 542 (2001).

■ The requirements for proving a compensable gradual-onset injury are similar. As with specific-incident injuries, Mooney had to provide medical evidence supported by objective findings establishing his injury. Ark.Code Ann. § 11–9–102(4)(D). He also had to prove that "(1) the injury arose out of and in the course of his ... employment; (2) the injury caused internal or external physical harm to the body that required medical services or resulted in disability or death; and (3) the injury was a major cause of the disability or need for treatment." *Wal–Mart Stores, Inc. v. Leach,* 74 Ark.App. at 234, 48 S.W.3d at 542.

### III.

The ALJ denied Mooney's claim on two primary bases. First, the ALJ found that Mooney failed to provide medical evidence supported by objective findings establishing either a specific-incident or gradual-onset injury. And second, the ALJ found that Mooney failed to prove that he was injured during the course of his employment at AT & T—a requirement for proving both specific-incident and gradual-onset injuries. We discuss each of these bases in turn.

### Objective Medical Findings

Mooney points to the notations that he was experiencing muscle spasms following his alleged November 2005 injury as objective medical proof of his injury. On this point, the ALJ made an error: he overlooked the finding in the November 29, 2005 progress report from the V.A. noting that Mooney was experiencing muscle spasms in his lower back. The ALJ's opinion incorrectly states that the first notation of muscle spasms after Mooney's alleged injury was not recorded in the medical records until January 2007, when Dr. Charles Schultz noted that Mooney was experiencing muscle spasms. This error, however, is of no consequence.

■ A finding of muscle spasms can fulfill the statutory objective-findings requirement. *Wal–Mart Stores, Inc. v. Sands,* 80 Ark.App. 51, 55, 91 S.W.3d 93, 96 (2002). But here, the record shows that Mooney had been experiencing muscle spasms for years. In May 2001, about three months before Mooney started work at AT & T, Mooney presented to Dr. Schultz complaining of persistent back pain that registered nine out of ten on the pain scale. In his report, Dr. Schultz noted that Mooney experienced muscle spasms in his lower back during the exam. Mooney saw Dr. Schultz again in July 2001, just a couple of weeks before he began working at AT & T. At that visit, Mooney said his back pain registered six out of ten on the pain scale with exacerbations flaring to eight out of ten on the pain scale. Dr. Schultz again noted that Mooney experienced muscle spasms during the examination. Because Mooney was experiencing muscle spasms in his back since before he started work at AT & T, the ALJ concluded that the muscle spasms findings after the alleged injury in both the V.A. and Dr. Schultz's notes did not satisfy the objective-findings requirement.

Like the 2005 and 2007 muscle spasms findings, Dr. Schultz's January 2007 finding that Mooney had "evidence of a left L5–S1 radiculopathy on EMG" was not new. Dr. Schultz noted, in his May 2001 report, that Mooney was experiencing "[l]ow back pain with radicular pain into the lower extremities with paresthesias." The ALJ therefore found that Dr. Schultz's 2007 finding about "left L5–S1 radiculopathy" did not satisfy the objective-medical-findings requirement because Mooney had been experiencing radicular

pain in his lower back and lower extremities since before his employment at AT & T.

Neither do Mooney's MRIs satisfy the objective-medical-findings requirement. Mooney had an MRI sometime in the summer of 2001 before he started work at AT & T. Shortly after Mooney's alleged late November 2005 injury, he underwent another MRI in December 2005. In commenting on this MRI in his January 2007 report, Dr. Schultz noted "no interval changes in moderate to severe central stenosis at L4–5 secondary to disc bulging." [6]Based on the lack of significant changes between Mooney's 2001 and 2005 MRIs, the ALJ concluded that the 2005 MRI did not establish a new injury or an aggravation.

Last on the objective-findings point, Dr. Schultz's January 2007 (and following) notations about Mooney's "decreased range of motion" in his lower back likewise do not satisfy the objective-findings requirement. Dr. Schultz reported that Mooney had decreased range of motion in his back in both his May and July 2001 reports, both of which preceded Mooney's employment at AT & T. Further, Dr. Schultz did not make clear in his January 2007 report whether his decreased-range-of-motion finding was the result of active or passive testing. "[P]assive range-of-motion tests are conducted by the examiner and can be objective evidence of a mechanical defect, [but] active range-of-motion tests are subjective in nature because they are entirely within the voluntary control of the patient." *Wilson v. Smurfit Stone Container*, 2009 Ark. App. 800, at 12, 373 S.W.3d 347. Here, there is no indication whether Dr. Schultz conducted an active or passive range-of-motion test. Thus, the ALJ concluded that Dr. Schultz's finding that Mooney had decreased range-of-motion in his lower back did not meet the objective-medical-findings requirement.

### In the Course of Employment

On this point, the ALJ first discussed the conflicting testimony from Mooney and his supervisor at AT & T, Russell Hannahs. Hannahs testified that Mooney told him that he injured himself over the long Thanksgiving weekend in November 2005. Mooney, however, testified that he called Hannahs in late November 2005 and told him that he had injured [7]himself the day before at work. After hearing Hannahs's testimony live and observing his demeanor, the ALJ found Hannahs to be "a credible dis-interested witness," due in part to the fact that Hannahs, by the time of the hearing, had retired from AT & T and was no longer a company supervisor. The ALJ further found that Mooney's testimony about his injury date was inconsistent with the November 29, 2005 report from the V.A., which noted that Mooney "denie[d] new injury." "[I]t is the Commission's function to determine the credibility of the witnesses and the weight to be given their testimony...." *Owens Planting Co. v. Graham*, 102 Ark.App. 299, 302, 284 S.W.3d 537, 539 (2008).

The ALJ also put little stock in Dr. Wayne Bruffett's opinion that Mooney's back problems were aggravated by his work at AT & T. In forming his opinion, Dr. Bruffett compared Mooney's December 2005 MRI (taken shortly after the alleged injury) and a newer MRI taken in April 2008. As discussed above, Mooney's 2005 MRI did not reveal any significant changes from his 2001 MRI. But the 2008 MRI showed objective measurable changes in Mooney's back. Mooney, however, had been off work since the end of November 2005 except for the roughly seven-month period in 2006 when he returned to work

at AT & T with restrictions. Indeed, after his alleged November 2005 injury, Mooney never returned to regular work duty at AT & T. About his restricted-duty work, Mooney testified that he liked it and would probably still be doing it if AT & T had not let him go. Further, it became clear, through Dr. Bruffett's deposition testimony, that he did not have the full picture of Mooney's back problems when he formed his opinion. For these reasons, the |₈ALJ gave little weight to Dr. Bruffett's opinion connecting the exacerbation of Mooney's back problems to his work at AT & T.

Likewise, the ALJ discounted Dr. Schultz's February 2007 opinion that Mooney's "low back condition was aggravated by repetitive trauma from his current employment. His current employment did not originally cause his lower back problem, however, it has contributed to a worsening of his condition." Dr. Schultz noted, in the same letter, that he began treating Mooney in May 2001 and had seen him every three to fourth months thereafter. The ALJ pointed out, however, that the record was devoid of any of Dr. Schultz's medical records between the end of 2001 and early 2007. Further, in October 2001, about two months after Mooney began work at AT & T, Dr. Schultz found that Mooney suffered from "degenerative arthritis and degenerative disc disease" and "[l]ow back pain with radicular pain into the lower extremities with paresthesias." In addition, Dr. Schultz found at that time that Mooney was "disabled and unable to perform any of the duties of his previous position as a mail carrier." Because of the lack of medical records from the end of 2001 to early 2007, the similarities between Mooney's symptoms before and after he began work at AT & T, and Dr. Schultz's finding that Mooney was disabled and completely unable to perform his duties at his previous job as a mail carrier, the ALJ gave little weight to Dr. Schultz's opinion about Mooney's work at AT & T aggravating his preexisting back problems.

### |₉IV.

In sum, substantial evidence supports the Commission's decision because reasonable minds could reach its conclusion that Mooney failed to prove that he suffered a compensable injury. *Walker*, 104 Ark. App. at 176–77, 289 S.W.3d at 186. Mooney neither provided medical evidence supported by objective findings establishing either a specific-incident or a gradual-onset injury nor proved that his injury, whether specific-incident or gradual-onset, arose out of and in the course of his employment with AT & T. We therefore affirm.

GLADWIN and GLOVER, JJ., agree.