

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV–13–323

| | |
|---|---|
| MELISSA PRATT | **Opinion Delivered** October 9, 2013 |
| APPELLANT | APPEAL FROM THE ARKANSAS |
| V. | WORKERS' COMPENSATION COMMISSION [NO. G007361] |
| RHEEM MANUFACTURING | |
| APPELLEE | AFFIRMED |

## KENNETH S. HIXSON, Judge

Appellant Melissa Pratt sustained a back injury while working for appellee Rheem Manufacturing on April 14, 2010. Rheem accepted the injury as compensable and paid medical benefits and temporary total disability benefits through March 2011. When Rheem discontinued the compensation, Melissa brought a claim for additional medical benefits as well as additional TTD benefits from March 18, 2011, to a date yet to be determined.

The Workers' Compensation Commission denied Melissa's claim for additional medical and TTD benefits. Melissa now appeals, arguing that there was no substantial evidence to support the Commission's denial of her claim for additional medical treatment.[1] We affirm.

---

[1]Melissa does not specifically address the TTD benefits in her point on appeal. However, in the conclusion section of her brief she posits that because there was no substantial evidence to deny her claim for additional medical benefits, there was likewise no substantial evidence to deny additional TTD.

Arkansas Code Annotated section 11-9-508(a) (Repl. 2012) requires employers to provide medical services that are reasonably necessary in connection with the injury received by the employee. The employee has the burden of proving by a preponderance of the evidence that medical treatment is reasonable and necessary. *Owens Planting Co. v. Graham*, 102 Ark. App. 299, 284 S.W.3d 537 (2008). What constitutes reasonably necessary treatment under the statute is a question of fact for the Commission. *Id.*

Our court views the evidence in a light most favorable to the Commission's decision and affirms the decision if it is supported by substantial evidence. *Delaplaine Farm Ctr. v. Crafton*, 2011 Ark. App. 202, 382 S.W.3d 689. Substantial evidence exists if reasonable minds could reach the Commission's conclusion. *Id.* When the Commission denies a claim because of the claimant's failure to meet her burden of proof, the substantial-evidence standard of review requires that we affirm the Commission's decision if it displays a substantial basis for the denial of relief. *Martin Charcoal, Inc. v. Britt*, 102 Ark. App. 252, 284 S.W.3d 91 (2008). It is the Commission's duty, not ours, to make credibility determinations, to weigh the evidence, and to resolve conflicts in the medical testimony. *Id.*

Melissa testified that she injured her back while working for Rheem on April 14, 2010, when she leaned down to put a coil on the floor and felt a sharp pain. On that day Melissa visited Dr. Greg Loyd, who diagnosed her with a back strain. Melissa stated that she has had constant back pain since the date of her compensable injury, and that she remains under active medical treatment for her back problems. Melissa testified that she had been off work for the past year, and she maintained that her physical condition prevented her from working any

2

kind of regular full-time job. Melissa stated that she would like to return to work, but that none of her medical treatments, including lumbar injections, have provided relief. Melissa indicated that if a doctor recommended back surgery she would consent to it.

Dr. Loyd's progress notes show that, when Melissa returned to see him on April 20, 2010, she advised that her back was much improved with minimal discomfort. Dr. Loyd further reported that Melissa exhibited excellent range of motion on that day. On May 5, 2010, Dr. Loyd reported that Melissa complained of an ache in her back that was "not that bad." On August 12, 2010, Melissa reported continued lower back pain as well as pain radiating from her left hip to her left knee.

Melissa underwent an MRI of her lumbar spine on August 9, 2010, and the MRI showed bulging at L3–4 and a broad-based disc herniation at L4–5 encroaching on the right nerve root. On September 22, 2010, Dr. Loyd reported that Melissa's left-leg symptoms were not explained by the disc protrusion on the right.

Dr. J. Michael Standefer, a neurosurgeon, reported on September 14, 2010, that the MRI showed degenerative changes at L4–5 as well as an annular tear and mild disc bulging on the right. Dr. Standefer reported that Melissa was not a candidate for any kind of surgery. Dr. Standefer stated that in view of the absence of overt neurosurgical pathology, Melissa should be treated conservatively. He recommended caution with activities such as lifting and bending, but indicated no other restrictions.

Dr. Brad Thomas, who is also a neurosurgeon, conducted an independent medical evaluation on February 25, 2011. Dr. Thomas reported that Melissa had full range of motion

in all planes of the lumbar spine. Upon review of the MRI, Dr. Thomas saw only mild degenerative changes at L4–5, with no significant neural impingement and nothing for which he would recommend surgery. Dr. Thomas recommended one more steroid injection, after which Melissa would be at maximum medical improvement on March 17, 2011, with a zero percent impairment rating. Dr. Thomas also reported that he would place Melissa back at work full duty, and that if she did not feel she could return he would recommend a functional-capacity evaluation.

A functional-capacity evaluation was performed on March 25, 2011, and the report indicated that Melissa gave an unreliable effort, but that she demonstrated at least the ability to perform light work with occasional lifting of up to thirty pounds. In a letter dated April 5, 2011, Dr. Thomas stated that with Melissa giving an unreliable effort on the functional-capacity evaluation, he could not place restrictions on her and was returning her to full duty. Dr. Thomas reiterated his opinion that Melissa reached maximum medical improvement on March 17, 2011, with a zero percent impairment.

Another MRI of the lumbar spine, as well as a left-hip MRI, were performed on April 4, 2011. The lumbar-spine MRI detected multilevel degenerative changes, worse at L4–5, with no significant changes from the previous MRI. The left-hip MRI was unremarkable.

On April 20, 2011, Dr. Thomas Cheyne reported that the MRI of the hip was normal and that the lumbar MRI indicated no further herniation of the disc. Dr. Cheyne stated that "there is really nothing else we can do for her lower back."

In this appeal, Melissa argues that the Commission erred in denying her claim for additional medical benefits. She argues that the compensable injury she sustained on April 14, 2010, resulted in herniated discs and that additional treatment is necessary. Although the medical records documented pain in Melissa's left lower extremity, she notes that there were also medical records documenting bilateral sciatica and pain in her right leg. Melissa contends that the findings on the MRIs explain her right-sided symptomology, which she asserts is in need of further treatment. Melissa argues that the Commission's decision was not supported by substantial evidence and that this case should be reversed and remanded for an award of appropriate additional medical benefits.

We hold that the medical evidence in this case supported the Commission's conclusion that Melissa failed in her burden to prove that she was entitled to additional medical treatment for her compensable low-back injury. Melissa received conservative treatment for nearly a year, and in April 2011 Dr. Cheyne reported that there was nothing else they could do for her lower back condition. Moreover, two neurosurgeons concluded that Melissa was not a candidate for surgery, and one of them concluded that she had reached maximum medical improvement on March 17, 2011, and had zero impairment.

Although Melissa asserts that she complained of pain in her right lower extremity, these complaints were documented in December 2010, nearly eight months after she suffered the compensable back injury. Notably, in September 2010 Dr. Standefer reported, "In talking with her, she had not really had any symptoms referable to the right lower extremity." It is evident from the medical records that Melissa primarily complained of pain in her left lower

extremity, which according to Dr. Loyd was unrelated to the right disc protrusion identified on the MRIs. Moreover, the medical documents showed that Melissa had been complaining of left hip and leg pain prior to sustaining her work injury, and the Commission found that any continuing treatment for her left hip and leg was not compensable. On this record, we conclude that the Commission's decision displays a substantial basis for denying additional medical treatment for Melissa's back injury.

With regard to the Commission's denial of additional temporary total disability benefits, Melissa asserts only that because she should be awarded additional medical benefits, she should also receive additional TTD benefits. However, this argument cannot prevail because we have affirmed the Commission's denial of additional medical benefits. Moreover, to be entitled to TTD benefits, the claimant must prove that she remains within her healing period and suffers a total incapacity to earn wages. *Smallwood v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 466, 375 S.W.3d 747. In this case there was evidence, credited by the Commission, that Melissa's healing period ended on March 17, 2011, and also that she was, at a minimum, able to engage in light–duty work. The Commission thus determined that Melissa met neither requirement for additional TTD eligibility, and that determination was supported by substantial evidence.

Affirmed.

GRUBER and WOOD, JJ., agree.

*Walker, Shock & Harp, PLLC*, by: *Eddie H. Walker, Jr.*, for appellant.
*Ledbetter, Cogbill, Arnold & Harrison, LLP*, by: *E. Diane Graham* and *Victor L. Crowell*, for appellees.