SLIP OPINION



Cite as 2015 Ark. App. 134

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV–14–654

| | | |
|---|---|---|
| JAMES A. NICHOLS | | **Opinion Delivered** FEBRUARY 25, 2015 |
| | APPELLANT | |
| V. | | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION [NO. F404691] |
| MICRO PLASTICS, INC., TRAVELERS INSURANCE CO., and DEATH & PERMANENT TOTAL DISABILITY TRUST FUND | | |
| | APPELLEES | AFFIRMED |

## KENNETH S. HIXSON, Judge

Appellant James A. Nichols sustained an admittedly compensable low back injury while working for appellee Micro Plastics, Inc., on May 12, 1994. As a result of the injury, Mr. Nichols underwent laminectomies in 1994 and 1995, and a laminectomy and fusion surgery in 1996. Mr. Nichols continued working for Micro Plastics until October 2002. Micro Plastics covered the medical treatment associated with the injury and accepted an eighteen percent permanent anatomical impairment rating.

In 2013, Mr. Nichols filed a petition alleging that he was permanently and totally disabled, or in the alternative that he was entitled to wage-loss benefits. After a hearing, the Workers' Compensation Commission rejected Mr. Nichols's claim for permanent and total disability benefits. The Commission did, however, award thirty-two percent wage-loss disability over and above Mr. Nichols' permanent anatomical impairment rating.

SLIP OPINION

Mr. Nichols now appeals from the Commission's decision. First, he argues that the Commission erred in not finding that he is permanently and totally disabled. Alternatively, Mr. Nichols argues that he should be entitled to at least an eighty percent award of permanent partial wage-loss disability benefits. Finally, Mr. Nichols argues that the Arkansas Workers' Compensation Act is unconstitutional. We affirm.

Permanent total disability is defined by statute as the inability, because of compensable injury or occupational disease, to earn any meaningful wages in the same or other employment. Ark. Code Ann. § 11-9-519(e)(1) (Repl. 2012). The employee bears the burden of proving the inability to earn any meaningful wage. Ark. Code Ann. § 11-9-519(e)(2) (Repl. 2012). In considering claims for permanent partial disability benefits in excess of the percentage of permanent physical impairment, the Commission may take into account such factors as the employee's age, education, work experience, and other matters reasonably expected to affect his or her future earning capacity. Ark. Code Ann. § 11-9-522(b)(1) (Repl. 2012). The wage-loss factor is the extent to which a compensable injury has affected the claimant's ability to earn a livelihood. *Thompson v. Mountain Home Good Samaritan Vill.*, 2014 Ark. App. 493, 442 S.W.3d 873.

Our court views the evidence in a light most favorable to the Commission's decision and affirms the decision if it is supported by substantial evidence. *Pratt v. Rheem Mfg.*, 2013 Ark. App. 577. Substantial evidence exists if reasonable minds could reach the Commission's conclusion. *Id.* When the Commission denies a claim because of the claimant's failure to meet his burden of proof, the substantial-evidence standard of review requires that we affirm

the Commission's decision if it displays a substantial basis for the denial of relief. *Martin Charcoal, Inc. v. Britt*, 102 Ark. App. 252, 284 S.W.3d 91 (2008). It is the Commission's duty, not ours, to make credibility determinations, to weigh the evidence, and to resolve conflicts in the medical testimony. *Id.*

Mr. Nichols is fifty-six years old, and for thirteen years he worked as a toolmaker for Micro Plastics. Mr. Nichols testified that his job required him to program information into a computer console, and based on that information a machine would cut a tool. Mr. Nichols stated that his job "involved only programming machines, so the machine did all the work for me except that I had to put in the steel bars." Mr. Nichols testified that the job required a lot of knowledge but that it was "not physically demanding at all." Mr. Nichols said that the only physically demanding part was when a long piece of stock needed to be sawed into shorter pieces, but that on those occasions he received help from other workers.

Mr. Nichols testified that he injured himself at work on May 12, 1994, when he was dumping out a box of scrap metal and felt a pop in his back. He underwent multiple surgeries, the last one coming in 1996, and he spent time off work recovering from each of the surgeries. However, after returning to work a few months after the 1996 surgery, Mr. Nichols continued to work for Micro Plastics until October 2002. Mr. Nichols testified that "the pain got worse until I just couldn't do it anymore." Mr. Nichols stated that he has not looked for any work since 2002.

Mr. Nichols testified that his back is never pain free and that "it goes from five on a ten-point scale to close to ten where I can't really move at all." Mr. Nichols stated that he

SLIP OPINION

takes prescription pain medication and has trouble sleeping. He further stated he spends most of his time on the couch and on average is only productive for about an hour per day. Mr. Nichols stated that on some days he is able to walk around the block, and that he is also capable of mowing his yard with a riding lawn mower. In a work situation, Mr. Nichols thought he could probably sit for about fifteen minutes at once. However, he stated that he did not think there was any job he could perform.

Multiple lumbar MRIs were performed over the course of appellant's continuing conservative treatment. In April 2002, an MRI detected bulging disks at the L3–L4, L4–L5, and L5–S1 levels, but no herniated disks or marked central canal stenosis. A September 2008 MRI detected mild spinal stenosis at L4–L5, previous laminectomy and posterior stabilization at L5–S1, a moderate concentric disk bulge at L3–L4 but without stenosis, and no apparent acute process. Another MRI was performed in December 2013, with the impression of central canal stenosis at the L3–L4 and L4–L5 levels, with no enhancing lesions noted.

During the course of his treatment Mr. Nichols came under the care of Dr. Richard Burnett in 2000, and in May 2004 Dr. Burnett gave the opinion that Mr. Nichols was totally disabled due to his workers' compensation injury. Dr. Jason Tullis reported in October 2008 that Mr. Nichols continued to have pain and some degenerative disease with mild stenosis at L4–L5, that the stenosis was not significant enough to require decompression, and that Mr. Nichols fit the category for failed back syndrome. In November 2013, Dr. Burnett again reported that Mr. Nichols was totally disabled.

Sarah Moore, a rehabilitation counselor, authored a vocational assessment in August 2012. In her assessment, Ms. Moore stated that she did not believe that Mr. Nichols could sustain competitive employment due to his need for frequent unscheduled breaks to manage his pain and excessive work absences when his pain was severe.

In this appeal, Mr. Nichols first argues that there is no substantial evidence to support the Commission's finding that he is not permanently and totally disabled. Mr. Nichols asserts that subsequent to his work injury he had three failed back surgeries resulting in a diagnosis of failed back syndrome. Mr. Nichols contends that, after enduring eight years of intractable back pain, he was ultimately forced to quit his employment when the pain increased and he became physically unable to perform the work. Mr. Nichols relies on the opinions of Ms. Moore and Dr. Burnett, and contends that Dr. Burnett's finding that he was totally disabled should not have been disregarded by the Commission.

The issue here is not whether the appellate court might have reached a different result from the Commission; if reasonable minds could reach the result found by the Commission, the appellate court must affirm the decision. *Kimbell v. Ass'n of Rehab Indus. & Bus. Companion Prop. & Cas.*, 366 Ark. 297, 235 S.W.3d 499 (2006). Where the Commission denies a claim because of the claimant's failure to meet his burden of proof, the substantial-evidence standard of review requires that we affirm if the Commission's decision displays a substantial basis for the denial of relief. *Id.*

We hold that the Commission's decision displays a substantial basis for denying appellant's claim for permanent and total disability benefits. Although Dr. Burnett thought

5

that Mr. Nichols was totally disabled, the Commission assigned little weight to that opinion in light of the fact that Mr. Nichols is very intelligent, has transferrable and marketable skills that do not involve physically demanding activities, and that the record was devoid of any physical limitations being placed on Mr. Nichols by any of his treating surgeons. Additionally, the Commission placed minimal weight on Ms. Moore's vocational assessment because her opinion was based primarily on Mr. Nichols's self-reported vocational limitations. The Commission further noted that the record does not contain a functional capacity evaluation assessing Mr. Nichols's physical imitations. Mr. Nichols was able to continue to perform his job at Micro Plastics for six years after his final surgery, and has not sought employment since he quit in October 2002. In *R.C. Landscaping v. Jones*, 2010 Ark. App. 304, 374 Ark. App. 761, we held that the claimant's lack of interest in returning to work is an impediment to a full assessment of the claimant's wage-loss disability, and his lack of motivation can be considered by the Commission. On this record, we find no error in the Commission's finding that Mr. Nichols failed to meet his burden of proving that he was permanently and totally disabled.

Alternatively, Mr. Nichols argues on appeal that he should have been awarded at least eighty percent permanent partial disability benefits. However, we disagree. There is no fixed mathematical formula for determining partial wage-loss, and considering factors such as the appellant's age and work experience we conclude that the Commission's award of thirty-two percent permanent partial disability was supported by substantial evidence of record.

Mr. Nichols's remaining argument is that, for various reasons, the Arkansas Workers' Compensation Act is unconstitutional. However, appellant's attorney has previously raised these same constitutional arguments before our court, and our court has repeatedly rejected them. *See Strother v. Lacroix Optical*, 2013 Ark. App. 719; *Sykes v. King Ready Mix, Inc.*, 2011 Ark. App. 271; *Long v. Wal-Mart Stores, Inc.*, 98 Ark. App. 70, 250 S.W.3d 263 (2007). We again reject these constitutional arguments for the reasons stated in our prior opinions.

Affirmed.

ABRAMSON and HOOFMAN, JJ., agree.

*Frederick S. "Rick" Spencer*, for appellant.

*Spicer Rudstrom, PLLC*, by: *Bradford J. Spicer*, for appellees.