

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-17-201

| | |
|---|---|
| LARRY L. HARRISON | **Opinion Delivered:** November 15, 2017 |
| APPELLANT/CROSS-APPELLEE | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION |
| V. | [NO. G407090] |
| STREET & PERFORMANCE, INC., AND LIBERTY MUTUAL GROUP | |
| APPELLEES/CROSS-APPELLANTS | AFFIRMED ON DIRECT APPEAL AND ON CROSS-APPEAL |

## RAYMOND R. ABRAMSON, Judge

Larry L. Harrison worked for Street & Performance, Inc. (Street & Performance), for eleven and a half years as a hemi technician. He filed a claim with the Arkansas Workers' Compensation Commission (hereinafter "the Commission") asserting that his neck, right-arm, and right-shoulder injuries resulted from his employment with Street & Performance. Following a hearing before an administrative law judge (ALJ), the ALJ issued an opinion denying his claim on June 21, 2016 in its entirety. Harrison appealed to the Commission, and on its de novo review, the Commission issued a unanimous opinion dated January 11, 2017, affirming in part and reversing in part the decision of the ALJ. Specifically, the Commission found that Harrison proved that he had sustained a compensable gradual-onset neck injury but failed to prove that he had sustained a compensable gradual-onset right-arm or shoulder injury. Harrison filed a pro se notice of appeal on February 1, 2017, and Street

& Performance filed a notice of cross-appeal on February 7, 2017. The record was lodged with this court on March 14, 2017. We affirm on direct appeal and on cross-appeal.

As a hemi technician at Street & Performance, Harrison provided technical assistance to customers over the phone and worked in the shop installing and repairing car motors. Harrison worked about ten hours a day at Street & Performance, typically spending about three to five hours on the phone and three to seven hours working in the shop. Harrison's shop work included the removal and installation of wheels and tires, radiators, disc brakes, transmissions, motors, batteries, and other car parts. Harrison testified that he never counted how many cars he worked on in a year because it would fluctuate but that he always had at least two cars he would work on at the same time. Harrison denied that he had been injured in a specific incident.

As to potential rapid or repetitive work, Harrison testified regarding two different work activities: (1) closing the garage-bay door and (2) using a floor jack. Harrison stated that lifting the garage door was the most repetitive thing he did at work and indicated that he had to open and close the door as many as fifteen times during a ten-hour shift. Harrison noted that he did not have to use the floor jack every day and used it for only 20 to 30 minutes at a time. Harrison began to experience issues with his right arm, including tingling in his fingers and muscle atrophy, in October 2013.

On May 27, 2014, Harrison went to Sparks Preferred Clinic complaining of right-arm tingling and loss of muscle mass in his right arm. An x-ray of Harrison's cervical spine revealed narrowed disc spaces. An MRI performed a month later revealed multiple disc protrusions, chronic compression conformity, and degenerated discs throughout the cervical

spine. Harrison was referred to neurosurgeon Dr. Shawn Moore. Dr. Moore's note from Harrison's first visit on July 25, 2014, states that Harrison reported a three-year history of neck pain and frequent heavy lifting. Dr. Moore recommended surgery, which was performed September 12, 2014. Before this surgery, Harrison was off work beginning on August 25, 2014, while recovering from hernia surgery. Harrison never returned to work at Street & Performance after August 2014.

On July 31, 2015, Harrison went to Mercy Hospital in Fort Smith with complaints of "chronic right shoulder pain." He reported during intake that he had a history of heavy labor for many years and that he used to lift car radiators for a living. An x-ray of Harrison's right shoulder was taken and was normal. An MRI or physical therapy were discussed as treatment options at the appointment. On September 28, 2015, Harrison saw Dr. Bao Dang at Sparks Family Medicine South for shoulder pain and chronic neck pain. Dr. Dang ordered an orthopedic referral. On October 27, 2015, Harrison saw Dr. Trent Johnson at Mercy Clinic Orthopedic in Fort Smith. Dr. Johnson's examination revealed a right-shoulder rotator-cuff sprain and a possible full- or partial-thickness tear of the rotator cuff. A follow-up MRI revealed a full-thickness tear in the intersection of the supraspinatus tendon, tendinopathy, degenerative changes, bursitis, and a mild cyst. Dr. Johnson performed a right-shoulder arthroscopy with arthroscopic rotator-cuff repair, an acromioclavicular joint resection, and a biceps tenotomy on Harrison's right shoulder on November 11, 2015.

Harrison filed a claim with the Commission claiming his neck, right–arm, and right–shoulder injuries resulted from his employment with Street & Performance. Following a prehearing conference, Harrison's claim was set for a hearing on March 29, 2016, with the

issues being whether he sustained a compensable gradual-onset injury to his neck, right arm, and right shoulder as a result of his employment with Street & Performance and, if he did, whether he was entitled to medical benefits, temporary-total-disability benefits, and attorney's fees.[1]

Before the hearing, Harrison submitted for the record a July 2015 letter from Dr. Moore that noted, "I think it is probable Mr. Harrison experienced cervical degenerative disc disease with radiculopathy related to his significant work-related obligations." Dr. Moore also wrote, "Although degenerative disc disease is often considered a chronic degenerative process, the significant work-related obligations that Mr. Harrison performed most likely contributed to this underlying condition and the development of his neck pain and radiculopathy."

Dr. Moore was called to testify at the March 29, 2016 hearing before the ALJ. Dr. Moore explained that Harrison's condition, degenerative disc disease, is typically a chronic degenerative process, but it could be exacerbated by certain work conditions or trauma. As to his letter, Dr. Moore specifically testified that the "purpose of the letter was just to indicate [that Harrison] has a chronic degenerative condition but it can be exacerbated with significant activities." Dr. Moore noted that while he could say that Harrison's reported work activities were "a contributing factor" in the condition, he could not put a percentage on how much or how little Harrison's reported activities contributed to the chronic

---

[1]Harrison was represented by counsel during at least part of the proceedings below. He appeared pro se on appeal to the Commission as well as on appeal to this court.

degenerative condition because "that's subjective." Dr. Moore testified that the letter he dictated was correct.

Following the hearing, the ALJ issued an opinion denying Harrison's claim in its entirety. Harrison then appealed to the Commission. As noted above, the Commission affirmed in part and reversed in part the ALJ's decision. The Commission found that Harrison proved he had sustained a compensable gradual-onset neck injury but failed to prove that he had sustained a compensable gradual-onset right-arm or shoulder injury. It is from those proceedings that both parties appeal.

In reviewing a decision from the Commission, our court reviews the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings and affirms if the decision is supported by substantial evidence. *Nichols v. Micro Plastics, Inc.*, 2015 Ark. App. 134. Substantial evidence exists only if reasonable minds could have reached the same conclusion without resort to speculation or conjecture. *Id*. The issue is not whether the appellate court might have reached a different result from that of the Commission but whether reasonable minds could reach the result found by the Commission. *Texarkana Sch. Dist. v. Conner*, 373 Ark. 372, 284 S.W.3d 57 (2008). It is the Commission's duty, not ours, to make credibility determinations, to weigh the evidence, and to resolve conflicts in the medical testimony. *Martin Charcoal, Inc. v. Britt*, 102 Ark. App. 252, 284 S.W.3d 91 (2008).

We will not reverse the Commission's decision unless we are convinced that fair-minded persons with the same facts before them could not have reached the conclusions of the Commission. *Cedar Chem. Co. v. Knight*, 99 Ark. App. 162, 258 S.W.3d 394 (2007).

Questions concerning the credibility of witnesses and the weight to be given to their testimony are within the exclusive province of the Commission, and when there are contradictions in the evidence, it is within the Commission's province to reconcile conflicting evidence and to determine the true facts. *Neal v. Sparks Reg'l Med. Ctr.*, 104 Ark. App. 97, 289 S.W.3d 163 (2008). The Commission is not required to believe the testimony of the claimant or any other witnesses but may accept and translate into findings of fact only those portions of the testimony that it deems worthy of belief. *Id.* The Commission is the ultimate arbiter of weight and credibility. *Towler v. Tyson Poultry, Inc.*, 2012 Ark. App. 546, at 2, 423 S.W.3d 664, 666.

On appeal, Harrison's challenge to the Commission's finding that he did not suffer a compensable injury to his right arm or right shoulder is not preserved for our review. In his brief, he contends that this court should find that his right-arm and shoulder injury, a rotator-cuff tear, was a compensable consequence of his neck injury. However, he did not present this argument to the Commission. Before the Commission, his sole contention regarding his right-arm and shoulder injury was that it was a compensable gradual-onset injury arising out of the course of his employment with Street & Performance. We have routinely held that we will not consider arguments presented for the first time on appeal. *Townley v. Ga. Pac. Corp.*, 2012 Ark. App. 48, 388 S.W.3d 475. Because Harrison is raising this matter for the first time on appeal and failed to get a ruling from the Commission, we are prevented from reviewing it. *See Cooper v. Hiland Dairy*, 69 Ark. App. 200, 11 S.W.3d 5 (2000); *Jordan v. Tyson Foods, Inc.*, 51 Ark. App. 100, 911 S.W.2d 593 (1995). Accordingly,

we affirm the Commission's opinion that Harrison's right-arm and shoulder injury are not compensable.

On cross-appeal, Street & Performance argues that the Commission's decision that Harrison suffered a gradual-onset injury to his neck is not supported by substantial evidence in the record and therefore should be reversed. We disagree. This court must view the evidence and all reasonable inferences in the light most favorable to the Commission's decision and must affirm that decision when it is supported by substantial evidence. *Nichols*, *supra*.

Here, the Commission's decision is supported by substantial evidence. On de novo review, the Commission found that Harrison had sustained a compensable gradual-onset neck injury arising out of the course of his employment with Street & Performance. On cross-appeal to this court, Street & Performance argues that the Commission's decision was based primarily on a letter Dr. Shawn Moore had written on July 27, 2015, and that the Commission erred as a matter of law by considering and crediting Dr. Moore's letter opinion specifically but not his hearing testimony. A claimant seeking benefits for a gradual-onset injury to the neck must prove by a preponderance of the evidence that (1) the injury arose out of and in the course of his employment; (2) the injury caused internal or external harm to the body that required medical services or resulted in disability or death; and (3) the injury was the major cause of the disability or need for medical treatment. *Smith v. Commercial Metals Co.*, 2011 Ark. App. 218, at 9, 382 S.W.3d 764, 769; Ark. Code Ann. § 11-9-102(4)(A)(ii)(b) & (E)(ii) (Repl. 2012). "Major cause" is defined as more than 50 percent of the cause. Ark. Code Ann. § 11-9-102(14)(A).

SLIP OPINION

Street & Performance contends that the Commission arbitrarily disregarded the full scope and substance of Dr. Moore's opinion as clarified through his hearing testimony by considering only his letter. We are not persuaded by Street & Performance's argument on cross-appeal.

In its January 11, 2017 opinion, the unanimous Commission wrote,

> It is within the Commission's province to weigh all of the medical evidence and to determine what is most credible. *Minnesota Mining & Mfg. v. Baker*, 337 Ark. 94, 989 S.W.2d 151 (1991). In the present matter, the Full Commission finds that Dr. Moore's opinion as stated in his July 27, 2015 correspondence is supported by the record and is entitled to significant evidentiary weight. Dr. Moore credibly opined that claimant's cervical condition was causally related to the claimant's work for the respondents.

> Based on the evidence in the present matter, the Full Commission finds that the claimant proved he sustained a compensable injury to his neck in accordance with Ark. Code Ann. § 11-9-102(4)(A)(ii)(b) (Repl. 2012). The claimant proved that he sustained an injury causing physical harm to his body which arose out of and in the course of employment and was not caused by a specific incident. The claimant established a compensable injury by medical evidence supported by objective findings, namely the compression fracture and bulging shown on the June 25, 2014 MRI of the claimant's cervical spine. The claimant proved that these objective medical findings were causally related to the compensable injury. The claimant also proved by a preponderance of the evidence that the compensable injury was the major cause of his disability and need for treatment.

We will defer to the Commission on credibility determinations and to resolve any conflicts in the medical testimony. *Martin Charcoal, Inc.*, *supra*. Here, the Commission relied on Dr. Moore's July 27, 2015 letter, which clearly states, "the significant work-related obligations that Mr. Harrison performed most likely contributed to this underlying condition and the development of his neck pain and radiculopathy." We hold this satisfies that Harrison's injury was a major cause of the disability or need for medical treatment.

With our standard of review in mind, we hold that fair-minded persons could have reached the Commission's conclusion. Therefore, we affirm on cross-appeal.

Affirmed on direct appeal and on cross-appeal.

MURPHY and BROWN, JJ., agree.

*Larry L. Harrison*, pro se appellant.

*Ledbetter, Cogbill, Arnold & Harrison, LLP*, by: *James A. Arnold II* and *Joseph Karl Luebke*, for appellees.