2015 Ark. App. 406

**Francis WISE, Appellant**

v.

**VILLAGE INN and Farmers Insurance Companies, Appellees**

No. CV–15–41

Court of Appeals of Arkansas,
DIVISION II.

Opinion Delivered June 17, 2015

Walker, Shock & Harp, PLLC, by: Eddie H. Walker, Jr., Fort Smith, for appellant.

Gill Ragon Owen, P.A., Little Rock, by: Jason A. Lee, for appellee.

LARRY D. VAUGHT, Judge

Appellant Francis Wise appeals the Arkansas Workers' Compensation Commission's (Commission) finding that she failed to prove by a preponderance of the evidence that she is entitled to additional pain-management treatment. We reverse and remand.

Wise was employed by appellee Village Inn[1] on July 31, 2009, when she suffered an admittedly compensable injury to her back. Dr. Arthur Johnson performed surgery on Wise on January 20, 2010. The parties stipulated that on February 24, 2011, Wise reached maximum medical improvement and was entitled to a thirteen-percent impairment rating. Wise was also awarded a fifty-percent wage-loss-disability benefit by the Commission on February 17, 2012.

Because Wise continued to suffer from back pain, she was seen (at appellees' expense) by a pain-management physician, Dr. Amir Qureshi, on March 10, 2011. On May 30, 2012, Dr. Qureshi reported that Wise claimed to have run out of narcotic pain medication a month prior despite having been given a prescription for narcotics that month. Dr. Qureshi also noted that Wise's urine drug screen tested positive for methamphetamine and amphetamine, that she refused to sign for the drug-screen-confirmation test, and that she had confided in him that she had a history of methamphetamine use. Based on these findings, Dr. Qureshi concluded that Wise violated a narcotic-pain contract, and he released her from treatment.

On September 12, 2013, Wise sought and paid for medical treatment from Dr. Ahmer Hussain, a family practitioner. On that date, Dr. Hussain reported that Wise

---

1. Village Inn's workers' compensation insurance carrier is separate appellee Farmers Insurance Companies.

had a 2009 work-related back injury that required surgery and that she was interested in pain management. Dr. Hussain prescribed hydrocodone and methocarbamol for Wise, advised her that he did not treat chronic pain-management patients, and referred her to a pain-management clinic at Sparks Regional Medical Center. She testified that the medications prescribed by Dr. Hussain helped but did not fully relieve her pain. When Wise sought benefits for additional pain-management treatment, appellees controverted her claim.

At the April 22, 2014 hearing before the administrative law judge (ALJ), Wise testified that she had never been pain free following her surgery. She said that she refused to sign for the drug-screen-confirmation test because she did not have the funds to pay for it. Wise, who had been imprisoned for methamphetamine-related charges from 2003 to 2007, exercised her Fifth Amendment right to remain silent when she was questioned about whether she had consumed methamphetamine before the positive urine drug screen. Finally, she testified that her condition worsened between her last visit with Dr. Qureshi in May 2012 and her visit with Dr. Hussain in September 2013.

On June 23, 2014, the ALJ issued an opinion finding that additional pain-management treatment was reasonable and necessary for the treatment of Wise's compensable injury. The ALJ found that Wise was never free from pain following surgery for her compensable injury; she was receiving pain-management treatment with Dr. Qureshi until the positive urine screen; Wise could not pay for the confirmation urine test; and she stated that the pain-management treatment she received from Dr. Hussain helped.

In an opinion filed October 14, 2014, the Commission reversed and dismissed the ALJ's opinion, finding that Wise failed to "prove by a preponderance of the evidence that continued prescription medication was reasonably necessary in connection with [her] compensable injury." The Commission cited Dr. Qureshi's May 30, 2012 report, focusing on the notations that she ran out of narcotics a month early; her urine tested positive for methamphetamine and amphetamine; and she had a history of methamphetamine use. The Commission found that Dr. Qureshi's findings were credible and entitled to "significant probative weight." The Commission then found that, while Wise sought treatment from Dr. Hussain in September 2013 and was referred to Sparks Pain Management, no treating physician had opined that such medication was reasonably necessary in connection with the compensable injury, no program of pain management had been arranged at Dr. Hussain's clinic, and Wise had not pursued the pain-management referral that Dr. Hussain had made. The Commission also found that Wise did not ask for pain-management treatments, such as physical therapy or epidural steroid injections. In denying Wise's claim, the Commission concluded:

> [Wise] does not contend that she is entitled to a program of pain management at Sparks Regional Medical Center, as recommended at Hussain's Family Practice. [Wise] instead contends that she is entitled to continued and unlimited payment of prescriptions of pain medication. No treating physician has opined that such treatment is reasonably necessary in connection with the July 31, 2009 compensable injury.

Wise timely appealed from the Commission's decision.

At issue on appeal is Wise's claim for additional medical treatment. "An employer shall promptly provide for an injured employee such medical . . . services . . . as may be reasonably necessary

in connection with the injury received by the employee." *Goyne v. Crabtree Contracting Co.,* 2009 Ark. App. 200, at 2–3, 301 S.W.3d 16, 17; Ark.Code Ann. § 11–9–508(a) (Repl. 2012). The employee has the burden of proving by a preponderance of the evidence that medical treatment is reasonable and necessary. *Goyne,* 2009 Ark. App. 200, at 3, 301 S.W.3d at 17. What constitutes reasonably necessary treatment is a question of fact for the Commission, which has the duty to use its expertise to determine the soundness of medical evidence and to translate it into findings of fact. *Id.,* 301 S.W.3d at 17. A claimant may be entitled to ongoing medical treatment after the healing period has ended if the treatment is geared toward management of the compensable injury. *Id.,* 301 S.W.3d at 17.

██ The Commission denied Wise's claim. On appeal, we view the evidence in the light most favorable to the Commission's decision and affirm that decision when it is supported by substantial evidence. *Holloway v. Ray White Lumber Co.,* 337 Ark. 524, 528, 990 S.W.2d 526, 528–29 (1999). Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 529, 990 S.W.2d at 529. The Commission has the duty to weigh evidence, and if the evidence is conflicting, its resolution is a question of fact for the Commission. *Id.,* 990 S.W.2d at 529. The Commission is not required to believe the testimony of the claimant or any other witness but may accept and translate into findings of fact only those portions of testimony it deems worthy of belief. *Id.,* 990 S.W.2d at 529.

██ Wise argues that the Commission's decision to deny her request for additional pain management is not based on substantial evidence because it is based on two material mistakes of fact. According to Wise, the Commission's first material mistake of fact is its finding that she did not request pain management. She cites the Commission's opinion that she "does not contend that she is entitled to receive pain management at Sparks Medical Center" and instead she "is only interested in continuing and unlimited payment of prescription medication." Wise argues that these findings are erroneous and not supported by the evidence. We agree.

There is no question that Wise requested additional pain-management treatment—not just additional prescription medication. The pre-hearing order entered in this case stated that the issue to be litigated was "[w]hether [Wise] is entitled to additional pain-management treatment." At the onset of the hearing, the ALJ stated, "There is one issue to be litigated here today, and that's whether [Wise] is entitled to additional pain-management treatment." And at the conclusion of the hearing, the ALJ inquired of Wise's counsel, "If I am understanding correctly ... the only issue before the court is whether [Wise] is entitled to additional pain-management treatment." Wise's counsel responded, "Correct." When asked if Wise was seeking pain-management treatment from a particular doctor, or just pain-management treatment in general, Wise's counsel responded:

Pain-management treatment, Judge. And if the Commission chooses to pick somebody, that's fine. But if the Commission simply says she's entitled to pain-management treatment, and [appellees] are not offering anybody to provide that treatment, our position will then be that she is free to go pick whoever she wants to pick.

Finally, the ALJ's opinion stated that the issue in the case was "[w]hether [Wise] is entitled to additional pain-management treatment."

The record is clear. At all times Wise was requesting additional pain-manage-

ment treatment, which could encompass not only prescription medication, but also physical therapy, stimulation therapy, injections, and other possible treatments. At no time did she limit her request to additional pain medication. Therefore, the Commission's finding that Wise did not request physical therapy or injections as part of pain-management treatment is erroneous. Furthermore, the Commission's finding that Wise was only interested in "continuing and unlimited prescription medication" is also erroneous.

■ Wise contends that the Commission's second material mistake of fact was to equate her discharge from Dr. Qureshi's pain-management treatment for violation of the pain contract with the opinion that such treatment was no longer reasonable and necessary for her compensable injury. The record reflects that the parties originally agreed that Dr. Qureshi's pain-management treatment was reasonable and necessary. Nowhere in Dr. Qureshi's reports, including his May 30, 2012 report, did he state that Wise no longer needed pain-management treatment for her compensable injury or that he was discharging her from such treatment because it was not reasonably necessary. The only evidence in the record is that Dr. Qureshi discharged Wise because he believed that she had violated the pain contract. Assuming arguendo that methamphetamine and amphetamine were in her urine, there is no evidence on this record that |₇those drugs had any bearing on her continued need for Dr. Qureshi's pain-management treatment.

A review of the Commission's opinion reveals its conclusion that Wise was a drug-seeking individual, and for that reason, was not entitled to additional pain medication. However, the Commission made two material mistakes of fact in reaching its conclusion. It concluded that

Wise was seeking only additional prescription medication, when it is undisputed that what she requested was additional pain-management treatment. It also concluded that Wise's discharge from Dr. Qureshi's treatment for violation of the pain contract was equivalent to his opinion that additional pain-management treatment was not reasonable and necessary, although Dr. Qureshi never issued that opinion. These factual findings are erroneous, are not supported by the record, and cannot constitute substantial evidence sufficient to support the denial of benefits to Wise. *See Holloway*, 337 Ark. at 529, 990 S.W.2d at 529. Therefore, we reverse and remand with instructions that the Commission make factual findings on the issue that was presented—whether additional pain-management treatment is reasonably necessary treatment for Wise's compensable injury.

Reversed and remanded.

Harrison and Gruber, JJ., agree.