
# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-16-608

| | |
|---|---|
| | **Opinion Delivered** December 14, 2016 |
| A.E.R.T., INC. AND NATIONAL UNION FIRE INSURANCE<br>APPELLANTS | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION<br>[NO. G208219] |
| V. | |
| MARIA ESTRADA<br>APPELLEE | AFFIRMED ON DIRECT APPEAL; AFFIRMED ON CROSS-APPEAL |

## BRANDON J. HARRISON, Judge

In 2012, Maria Estrada claimed she suffered a gradual-onset back injury while working for AERT, Inc. The Arkansas Workers' Compensation Commission denied her claim, reasoning that the statute of limitations had run on her claim. We reversed the Commission's statute-of-limitations decision and remanded the case in November 2014. *Estrada v. Aert, Inc.*, 2014 Ark. App. 652, 449 S.W.3d 327. The Commission, in turn, remanded Estrada's claim to an administrative law judge to "adjudicate the case in accordance with the instructions from the Court of Appeals."

The case was not reopened for new evidence, so the law judge decided it based on the same evidentiary record the parties had developed. On remand, the law judge decided that Estrada had failed to prove that she suffered a gradual-onset low back-injury around 1 February 2012, because she had "failed to provide medical evidence in the form of

objective medical findings to support her claim." The law judge reasoned that no medical records indicated that Estrada's issues were work related and that no objective medical findings connected her low-back pain and the need for surgery to her work.

The Commission reversed the law judge's decision and held that Estrada had "established a compensable injury supported by objective findings, namely, the spasm shown in the December 2011 MRI and the disc bulge shown in the August 2012 CT." The Commission found that these objective findings were causally related to the compensable injury and not caused by a prior injury or preexisting condition. The Commission made AERT responsible for benefits from 28 September 2012 forward. AERT appealed the Commission's decision. Estrada cross–appealed.

## I. *AERT's Appeal*

AERT argues that the Commission viewed the evidence for Estrada instead of weighing the documentary and testimonial evidence impartially. As AERT correctly notes, "[t]he injured party bears the burden of proof in establishing entitlement to benefits under the Workers' Compensation Act and must sustain that burden by a preponderance of the evidence." *Hughes Sch. Dist. v. Bain*, 2010 Ark. App. 204, at 4, 374 S.W.3d 173, 176. But we disagree that there is a burden-of-proof error. Here are the Commission's own words:

> In the present matter, the Full Commission finds that the claimant proved by a preponderance of the evidence that she sustained a compensable injury. The claimant became employed with the respondents in 2005 and her work was labor-intensive. The claimant's work duties for the respondent employer included lifting and stacking wood, 12 hours per shift. The claimant began seeking medical treatment for back pain in December 2009. The treating physician noted at that time that the claimant was suffering from pain as a result of "standing all day." The record does not indicate that the claimant's back pain resulted from any condition other than the claimant's work for the respondents.

The claimant began treating with Dr. Sewell for back pain in 2011. Dr. Sewell returned the claimant to work, "No bending, twisting, or stacking." The record therefore indicates that Dr. Sewell connected the claimant's back pain to her work for the respondents.

The Commission specifically recited that Estrada had met her burden of proof, and it correctly identified the burden. Regarding the Commission's statement that "[t]he record does not indicate that the claimant's back pain resulted from any condition other than the claimant's work for the respondents," that is a causation-related conclusion that it made based on all the evidence before it.

AERT claims that the Commission "manufactured a medical opinion concerning causation" and relied on two statements in Estrada's medical records that "simply do not exist." AERT rightly observes that the Commission wrongly cited to a 2009 report from Dr. Lawrence Schemel. But the oversight is immaterial on the whole. The Commission's opinion (that we also quoted above) states,

> The claimant began seeking medical treatment for back pain in December 2009. The treating physician noted at that time that the claimant was suffering from pain as a result of "standing all day."

The quote "standing all day" came from a Dr. Schemel medical record dated 1 March 2010. There, the doctor noted that Estrada had "some leg pain when [she] is standing all day," and he recommended that she "use support stocking for legs when working." A separate December 2009 report from Dr. Schemel stated that Estrada "has some low back pain—this is bothering her nearly every day and she has been taking ibuprofen for this." Given these two statements, we disagree that the Commission "manufactured" medical evidence. True, Dr. Schemel did not technically state his observation about Estrada's pain and her standing

all day "at the time" Estrada first started treatment. But the substance of Dr. Schemel's statements overall was not misrepresented by the Commission. Though more precision is preferred, the mistaken reference is not legally significant in this case.

AERT also challenges another Commission statement: "The claimant began treating with Dr. Sewell for back pain in 2011. Dr. Sewell returned the claimant to work, 'No bending, twisting, or stacking.' The record therefore indicates that Dr. Sewell connected the claimant's back pain to her work for the respondents." AERT believes the Commission made this information up, too. Let's put the Commission's words to the test.

The work release signed by Dr. Sewell (dated 11 June 2012) includes the words "twisting or stacking." Dr. Sewell did not, however, give any express medical opinion on whether Estrada's back pain was work related. In fact, AERT is correct that the record contained no medical opinions specifically stating that Estrada's back injury was caused by her work. AERT also claims that Estrada never made a causal link between her employment and back condition to any of her doctors until she filed a claim several months after her back surgery. It points to medical records where Estrada could have, but did not, indicate to her doctors that her back problems were work related. For example, on an injury form Estrada filled out on 2 February 2012, she marked "no" when asked if her condition related to an injury. A record from a June 2012 visit to Dr. Sewell indicated that Estrada had not stated the "setting in which [her symptoms] first occurred." AERT believes this silence speaks against her. Here the Commission found:

> In the present matter, the Full Commission finds that the claimant proved by a preponderance of the evidence that she sustained a compensable injury. The claimant became employed with the respondents in 2005 and her work was labor-intensive. The claimant's work duties for the respondent-

employer included lifting and stacking wood, 12 hours per shift. . . . The record does not indicate that [Estrada's] back pain resulted from any condition other than [her] work for [AERT].

. . . .

The Full Commission recognizes that, when the claimant presented for treatment with Dr. Cannon in February 2012, she circled "No" after the question, "Is your condition related to an injury?" Nevertheless, the claimant plainly testified that her condition arose gradually and was not the result of a specific incident or accidental injury. The record shows that the claimant's back condition was clearly related to her work duties for the respondents.

A CT of the claimant's lumbar spine in August 2012 showed findings including a broad-based disc bulge at L4–L5. Dr. Standefer performed surgery on August 30, 2012. The claimant reported in September 2012, "I injured my low back while working." Dr. Standefer reported in October 2012 that the claimant's physical condition had improved following surgery.

A legal hurdle here for AERT is that an employee like Estrada is not necessarily required to have a treating doctor state to a reasonable degree of medical certainty that stacking large volumes of wood planks, for 12-hour shifts, over 5 years, caused her injury to meet her burden of proof. *See Wal-Mart Stores, Inc. v. VanWagner*, 337 Ark. 443, 990 S.W.2d 522 (1999) (medical evidence on the issue of causation is not required in every case). While AERT may be correct that a chiropractor's instructions for an employee to avoid some of the more physically demanding parts of her job does not equal a causation opinion, an expert medical-causation opinion is not required in this case in any event. Reasonable minds could conclude, as the Commission did, that Estrada's gradual-onset back injury was caused by her lifting and stacking wood at work. *See Freeman v. Con-Agra Frozen Foods*, 344 Ark. 296, 40 S.W.3d 760 (2001) (standard of review).

In *Wal-Mart Stores, Inc. v. Leach*, 74 Ark. App. 231, 48 S.W.3d 540 (2001), we affirmed the Commission's award for a gradual-onset back injury when the evidence showed that the claimant's job required her to lift heavy boxes, and there was no indication that she

had suffered a herniated disc before working for the employer. Like *Leach*, the Commission had sufficient evidence that Estrada's job required her to perform voluminous lifting. The Commission was entitled to credit Estrada's testimony that she worked 12-hour shifts, for more than 5 years, lifting and stacking wood; it could also credit her testimony that her back pain was first manageable with ibuprofen but escalated for years until it became unbearable from a herniated disc. We affirm.

## II. *Estrada's Cross-Appeal*

Estrada appeals the Commission's finding that the start date of her benefits should be in September 2012, not February 2012. She argues that the eligibility date should be in February because that is when AERT had actual notice of her back injury. The Commission ruled that Estrada provided notice to her employer on 28 September 2012, the day when she filed the AR–C form.

Arkansas Code Annotated section 11–9–701 provides in part that

(a)(1) Unless an injury either renders the employee physically or mentally unable to do so, or is made known to the employer immediately after it occurs, the employee shall report the injury to the employer on a form prescribed or approved by the Workers' Compensation Commission and to a person or at a place specified by the employer, and the employer shall not be responsible for disability, medical, or other benefits prior to receipt of the employee's report of injury.

. . . .

(b)(1) Failure to give the notice shall not bar any claim:

(A) If the employer had knowledge of the injury or death;

(B) If the employee had no knowledge that the condition or disease arose out of and in the course of the employment; or

(C) If the commission excuses the failure on the grounds that for some satisfactory reason the notice could not be given.

6

SLIP OPINION

Ark. Code Ann. § 11-9-701 (Supp. 2012).

Estrada argues that her employer learned that she had suffered a work-related injury because she "continually told her supervisor that her back was hurting, and that she was receiving treatment" and that her supervisor moved her to a lighter-duty position. She also says that she did not understand the company policy about reporting injuries and was afraid of being fired and that no supervisor or human-resource manager ever asked her how she had been injured.

We affirm the Commission here, too. Estrada did not give formal notice, as required by Ark. Code Ann. § 11-9-701(a)(1), until September 2012. The Commission found that she did not prove by a preponderance of the evidence that AERT knew that her injury was work-related before the AR-C form was filed. The only evidence before the Commission supporting Estrada's view on the notice issue was her own. But the Commission is not required to believe her testimony and may accept and translate into findings of fact only those portions of testimony it deems worthy of belief. *Wise v. Vill. Inn*, 2015 Ark. App. 406, at 4–5, 467 S.W.3d 186, 189. We affirm on cross-appeal.

Affirmed on direct appeal; affirmed on cross-appeal.

GLADWIN, C.J., and VAUGHT, J., agree.

*Worley, Wood & Parrish, P.A.*, by: *Jarros S. Parrish*, for appellants.

*Tolley & Brooks, P.A.*, by: *Evelyn E. Brooks*, for appellee.